## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| Lucy Peters, Individually and on behalf | § | |
| of the Estate of Armand Paul Ott, deceased; and | § | |
| Lorraine Walker | § | |
| | § | |
| Plaintifs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 6:21-cv-550 |
| | § | |
| **THE UNITED STATES OF AMERICA** | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, LUCY PETERS Individually and as the Administratrix of the Estate of

ARMAND PAUL OTT; and, LORRAINE WALKER individually, for Causes of Action against

Defendant, THE UNITED STATES OF AMERICA, under the Federal Tort Claims Act ("FTCA"),

28 U.S.C. § 2674 for the United States Army's actions and inactions which caused the death of

their father, Armand Paul Ott who was killed in a motor vehicle wreck caused by the negligence

of US Army personnel driving a military vehicle on a civilian road in Falls County, Texas on

September 13, 2019. The Army personnel attempted to cross a four lane highway in a massive

Oshkosh Recovery Vehicle, which is large enough to pick up and haul away a tank.  The soldiers

driving the Oshkosh Recovery Vehicle cut in front of Armand Ott, then rolled over his car,

crushing him, causing an exceedingly painful death. Plaintiffs would show the Court as follows:

## JURISDICTION, VENUE & SERVICE OF SUMMONS

1.     This action is brought pursuant to the ***Federal Tort Claims Act (FTCA), 28***

***U.S.C.§ 1346(b)(1) and 28 U.S.C. § 2671, et seq.***, against the United States of America,

Department of the Army, which vests exclusive subject matter jurisdiction of Federal Tort Claims

litigation in the Federal District Court.  The claims herein are brought against Defendant for money damages as compensation for personal injuries caused by Defendant's negligence.

2.      Venue is proper in the Western District of Texas, pursuant to ***28 U.S.C. § 1402(b)*** because the United States is a Defendant, and a substantial part of the events and omissions giving rise to this claim occurred in the Western District of Texas.  Venue is proper in the Waco Division of the Western District of Texas because the traffic wreck that caused ARMAND PAUL OTT's death occurred in Falls County, Texas, which is within the Waco Division.

3.      Service of summons may be had on the Defendant Pursuant to ***Rule 4(i) of the Federal Rules of Civil Procedure*** and 32 CFR § 257.5(d) (governing service on the Department of the Army) by delivery of a copy of the summons and complaint by certified mail return receipt requested to:

> John F. Bash, Esq.
> United States Attorney for Western District of Texas
> United States Attorney's Office
> ATTENTION: Civil Process Clerk
> 601 NW Loop 410, Suite 600
> San Antonio, TX 78216
>
>          and
>
> Attorney General of the United States
> The Attorney General's Office
> ATTENTION: Civil Process Clerk
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001
>
>          and
>
> Chief, Litigation Division
> US Army Legal Services Agency
> 9275 Gunston Rd.
> Ft.. Belvoir, Virginia 22060-5546

4.      Pursuant to ***28 U.S.C. §2675***, this claim was presented by the filing of an

Administrative Claim with demand for monetary damages, on behalf of Plaintiffs, with the appropriate agency of Defendant, the United States of America, namely the Staff Judge Advocate, (Claims) at Ft. Hood, Texas, the destination point for the Oshkosh Recovery Vehicle being driven by Army personnel; the Office of the Army General Counsel, and the Department of Defense legal department.  Submission of the claim was made originally by Ms. Peters on October 8, 2019, and Ms. Walker on October 8, 2019.  Undersigned counsel supplemented the claim and Demand on behalf of Ms. Peters, Ms. Walker, and the Estate of Armand Ott, on November 17, 2020, with further supplement on November 30, 2020, enclosing the autopsy report and Certified Crash Report. The Army has had six months to respond, investigate and attempt settlement.  Undersigned counsel spoke with an Army Officer from Fort Belvoir, who indicated that he did not need any further documentation and was not making a settlement offer.  Therefore, all conditions precedent to a Federal Tort Claims Act action have been met.

**PARTIES**

5.      Plaintiff Lucy Peters is the daughter of Armand Paul Ott, deceased.  She resides in Little Mountain, South Carolina.  Plaintiff She brings suit individually, and as Administratrix of the Estate of Armand Paul Ott, her father, who died on September 19, 2019.  She brings claims for wrongful death, as an heir of the body of Armand Paul Ott. She also brings a survivorship lawsuit on behalf of the estate of Armand Paul Ott.

6.       Lorraine Walker is the daughter of Armand Paul Ott, deceased.  She resides in Enoree, South Carolina.  She brings suit individually, for wrongful death, as an heir of the body of Armand Paul Ott.

7.      At all relevant times, the Defendant United States of America, acted through its agency Department of the Army.

## STATUTORY BASIS OF LIABILITY AGAINST
## THE UNITED STATES OF AMERICA

8.     This case is brought against the United States of America pursuant to *28 U.S.C. §2671 et seq.,* commonly referred to as the "Federal Tort Claims Act" or FTCA.  Liability of the United States is predicated specifically on *28 U.S.C. §§1346(b)(1) and 2674* because the personal injuries, wrongful deaths and resulting damages that form the basis of this Complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, DEPARTMENT OF THE ARMY.  These employees were acting within the course and scope of their office or employment, under circumstances where the UNITED STATES OF AMERICA, if it were a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Texas. Federal Tort Claims Act claims may be brought against the UNITED STATES OF AMERICA through the DEPARTMENT OF THE ARMY for injuries and death of civilians due to the actions of soldiers, under facts such as these where the Army's negligence in driving a military vehicle on a public road would subject a private person driving a large truck on the same road to liability for failure of the driver's nondelegable duty to drive safely and non-negligently on the public roads of the State of Texas.

## FACTS

9.     Armand Paul Ott, (DOB: 3/19/1934) had three children, Lucy Peters, Lorraine Walker, and Michael Emil Ott.  Armand Ott was unmarried at the time of his death.  Michael Emil Ott has elected not to bring a lawsuit based on his father's death and has provided such notice in writing, signed by his hand.

10.     On the Afternoon of Friday September 13, 2019, Armand Ott was driving on

westbound SH-7 in Marlin, Falls County, Texas.[1]  SH-7 is a four-lane divided highway.  Mr. Ott was driving in the right lane at a legal rate of speed and was approaching the Army Oshkosh recovery vehicle from the Army vehicle's left, as described in the Texas DOT Crash Report.

11.    The wreck occurred where SH-7 intersects SH-320.  Approximately a quarter of a mile east of the crash site, SH-7 splits into a Y, with the south fork continuing on to merge into and become SH-320.  The northbound fork continues on to merge into and become the two-lane SH-7. Coming from the west, the eastbound lane of the two-lane SH-7 dips southward.  Eastbound traffic must stop before crossing westbound lanes of the four-lane highway that is SH-7/SH-320 before merging onto the eastbound lanes.[2]



---

[1] These highways directional orientations are somewhat confusing because the roads are not perpendicular and curve in the area.  Google earth shows a long, very gradual curve in the road that Armand Ott was driving, giving the Army vehicle plenty of time to see him coming.
[2] Image from Google Maps.

Mr. Ott was traveling westward on the south fork of SH-7 (which becomes SH-320), which at that point is a straight road with unobstructed views.  The  huge U.S. Army Oshkosh M984A4 Recovery Vehicle was stopped at the stop sign facing southward on eastbound SH-7, waiting to cross the four lane highway and turn left to continue onto eastbound SH-7.  The visibility at that point is unobstructed in both directions. The Oshkosh Recovery Vehicle had a stop-sign and flashing red light, which operates as a stop-sign at its intersection with a divided highway.   The westbound section of SH-7 (on which Mr. Ott was driving) had no stop sign or signal. The Oshkosh Recovery Vehicle was being driven by active duty soldier Austin Tyler Piepiora.  Active duty soldier Rodricous Rashad Arrington was in the passenger seat of the Oshkosh Recovery Vehicle. The Oshkosh Recovery Vehicle the soldiers were driving, with the M984 configuration, has a curb weight of 50,900 lbs, and is designed to lift disabled tanks from the ground with an attached crane, put the tank on the middle-area flatbed and drive the tank out, loaded on top of the Recovery Vehicle.[3]

12.     Piepiora and Arrington were driving the Oshkosh Recovery Vehicle from Ft. Polk, Louisiana to Ft. Hood, Texas.  They were operating the Oshkosh Recovery Vehicle in the course and scope of their employment for defendant The United States of America, Department of the Army.  The route through Marlin, Texas is the most direct highway route between the two Army bases. Piepiora and Arrington were in the course and scope of their duties for the Army in driving the Oshkosh Recovery Vehicle between the bases.

13.     Piepiora had a duty not to enter a four-lane divided highway from a two-lane highway (with a flashing red light) unless it was safe to enter the roadway and he could get clear

---

[3] https://fas.org/man/dod-101/sys/land/hmett.htm#:~:text=Vehicle%20Curb%20Weight%3A%20M977%20With,%2C%20Without%20Winch%20%2D%2038%2C700%20lb.

of any oncoming traffic.  Instead, Piepiora entered the four-lane divided highway without such clearance.

14.     The wreck was witnessed by a member of the Marlin Police Department or other local law enforcement.[4]  The police report (DOT Crash Report) blamed Piepiora, stating he "failed to yield right of way" and "pulled out in front" of Mr. Ott.  Mr. Ott turned left to avoid the Army truck, but then Piepiora "accelerated hard" in front of Mr. Ott, causing the collision.

15.     The approach to the intersection on SH 320 is long enough for any vehicle from SH-7 to safely see the oncoming traffic and thus make an accurate decision on when it is safe to pull out.  The roads are not perpendicular, so the highway engineers made SH-7 curve hard shortly before intersection SH-320 so that they would be perpendicular at the highway junction and oncoming traffic could be adequately seen by those crossing SH-320 from SH-7.

16.     Piepiora would have been able to see Mr. Ott coming down the highway and should not have pulled out.  When Piepiora did pull out, Mr. Ott could not stop in time and attempted to steer around the Oshkosh Recovery Vehicle, but could not get around it, causing Mr. Ott to hit the 50,900 lb military vehicle with his Toyota Camry, which crushed the Toyota Camry and Mr. Ott inside of it.

17.     Mr. Ott was killed by the injuries sustained in the wreck.  He had horrific injuries. Mr. Ott's autopsy showed that he had seat-belt abrasions on his chest, meaning he was wearing his safety belt.  He had cuts on his arms.  His left lower arm was broken. His pelvis was broken. He had a thoracic vertebral column fracture.  He had numerous broken ribs and bruises on his lungs. He developed a hemothorax and hemoperitoneum, an accumulation of blood in the pleural

---

[4] Mr. Ott's son, Michael Ott, was told by an official in the Marlin administration building, when he called to inquire of his father's death, that the wreck was witnessed by local law enforcement.  The Texas Department of Public Safety has not released its file as of the time of filing suit and has requested a subpoena once suit is filed.

peritoneal cavities lining his lungs. In layman's terms, Mr. Ott died drowning in his own blood that filled the cavities surrounding his lungs, crushing his lungs with his own blood, while he sat there with a broken neck, arm and pelvis, unable to move.

18.     The police report states a time of death 51 minutes after the wreck, meaning that Mr. Ott did not die quickly but experienced profound pain and suffering and emotional distress.

**Cause of Action – Negligence in the Operation of a Motor Vehicle**

19.     Plaintiffs incorporate by reference each of the preceding paragraphs as if stated fully herein.

20.     A negligence cause of action has three elements: A negligence cause of action has three elements:

(1) a legal duty owed by one person to another,
(2) a breach of that duty, and
(3) damages proximately caused by the breach.

*See, e.g., D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex. 2002).  Proximate cause requires cause in fact and foreseeability; harm is foreseeable if a person of ordinary intelligence should have anticipated the danger her negligence created for others. *Id.*

21.     A driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others. *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.) (citing *Williamson Co. v. Voss*, 284 S.W.3d 897, 902 (Tex. App.—Austin 2009, no pet.)). This includes the general duty to keep a proper lookout. *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App.—San Antonio 2001, no pet.). "The duty to keep a proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed

and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co., Inc.*, 837 S.W.2d 206, 210 (Tex. App.—Tyler 1992, writ denied).

22.     Further, pursuant to Texas Transportation Code §545.151(b), Defendant had a specific duty not to enter a divided highway from a two-lane road controlled by a flashing red light, until the driver attempting to cross the divided highway could safely enter the divided roadway without interference or collision:

> (b) An operator on a single-lane or two-lane street or roadway who approaches an intersection that is not controlled by an official traffic-control device and that is located on a divided highway or on a street or roadway divided into three or more marked traffic lanes:
>
> > (1) shall stop, yield, and grant immediate use of the intersection to a vehicle on the other street or roadway that is within the intersection or approaching the intersection in such proximity as to be a hazard; and
> >
> > (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

Tex. Transp. Code § 545.151

23.     A violation of Section 545.151 of the Texas Transportation Code does not establish negligence as a matter of law, but should be considered in determining, as a matter of fact, whether the conduct of a motorist is negligent under the common law standard of the reasonably prudent man.. *See Waring v. Wommack*, 945 S.W.2d 889, 891 (Tex. App.--Austin 1997, no pet.); *Craker v. City Transp. Co. of Dallas*, 316 S.W.2d 447, 449-50 (Tex. Civ. App.--Dallas 1958, writ ref'd n.r.e.).

24.     The soldiers, Piepiora and Arrington, were driving a military vehicle with no civilian application from one military base to another. They were acting within the course and scope of their employment with the United States Army.  The Army, and thus the United States, is responsible for their negligence. *G. & H. Equip. Co. v. Alexander*, 533 S.W.2d 872, 875 (Tex. Civ. App.—Fort Worth 1976, no writ)("Appellant recognizes that the law is to the effect that a

person found in the employment of another is presumed to be such person's employee acting in the course and scope of his employment for such person. . . . Such presumption is not conclusive but is a rebuttable presumption.")

25.     The United States, through its employees, Piepiora and Arrington, breached their common law and statutory duties to keep a proper lookout and only enter a divided highway when it can safely be entered without interference or collision with traffic using the highway.  They further breached their common law duty to yield to oncoming traffic.  They were driving a huge, heavy, military vehicle that had a greater propensity to block the road they were crossing and would take more time to enter and leave the oncoming lanes than would a normal car or light truck.

26.     The breach of these common law and statutory duties proximately caused the injuries and death of Armand Ott. The autopsy report showed that Mr. Ott had seat-belt abrasions on his chest, meaning he was wearing his safety belt.  He had cuts on his arms.  His left lower arm was broken. His pelvis was broken. He had a thoracic vertebral column fracture.  He had numerous broken ribs and bruises on his lungs.  He developed a hemothorax and hemoperitoneum, an accumulation of blood in the pleural peritoneal cavities lining his lungs. In layman's terms, Mr. Ott died drowning in his own blood that filled the cavities surrounding his lungs, crushing his lungs with his own blood, while he sat there with a broken neck, arm and pelvis, unable to move. Mr. Ott died fifty-one minutes after the wreck, suffering physical pain and mental anguish.

### DAMAGES

27.     Plaintiffs incorporate by reference each of the preceding paragraphs as if stated fully herein.

28.     Armand Ott, dec., as a direct and proximate result of the negligence of the Defendant, suffered severe physical pain, mental anguish, and trauma up to the moment of his

death for which his estate now has the right to recover monetary damages.  Pursuant to the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code, Section 71.021, Plaintiff Lucy Peters, as Representative of the Estate of Armand Ott, brings this action as a claim for the Estate of Armand Ott, for the recovery of (a) the pain and suffering and mental anguish that Armand Ott experienced as a result of the incident in question, (b) loss of life expectancy, (c) loss of enjoyment of life, and (d) reasonable funeral and cremation expenses incurred for the internment of Armand Ott.

29.    Under Section 71.001, Tex. Civ. Prac. & Rem. Code, the Texas Wrongful Death Statute, Lucy Peters and Lorainne Walker, as the surviving daughters of Armand Ott are entitled upon final trial to have the court consider the sum of money that will fully and fairly compensate each of them in the past and future for the following elements of damage:  (a)  pecuniary loss which means the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of pecuniary value, excluding loss of inheritance, that they, in reasonable probability, would have all received from their father had he lived; (b) loss of companionship and society which means the loss of positive benefits flowing from the love, comfort, companionship, advice, counsel, supervision and society that they would have received from their father, had he lived; (c) mental anguish which means the emotional pain and torment and suffering that they have experienced in the past and will experience in the future because of the death of their father; (d) the termination of father-daughter relationship, including damages to the family relationship that the daughters of Armand Ott have suffered because of the death of their father; (e) loss of inheritance which means the loss of the present value of the assets that Armand Ott would have added to his estate and left to his daughters at the time of his natural death.

30.    Plaintiffs further seek damages for post-judgment interest as allowed by law; for cost of suit incurred herein; and for such other and further relief as this Court may deem just and

proper.

## CONCLUSION

31.     Armand Ott died when two soldiers, transporting a massive military vehicle between Army bases violated Texas law by negligently pulling out into a divided highway without yielding the right of way to a motorist.  They crushed and killed Armand Ott.

32.     Plaintiffs respectfully reserve the right to amend and/or supplement this complaint as discovery of facts require.

WHEREFORE, Plaintiff prays for judgment against Defendant United States of America, by and through its Department of the Army.


**DATED:  June 1, 2021**

**RESPECTFULLY SUBMITTED,**
**SCHREIBER | KNOCKAERT, PLLC**

*/s/ Joseph M. Schreiber*
**Joseph M. Schreiber (Lead Counsel)**
Texas Bar No. 24037449
701 N. Post Oak Rd., Suite 325
Houston, TX  77024
Phone (281) 949-8904
Fax (281) 949-8914
joe@lawdoneright.net


*/s/ Erik A. Knockaert*
**Erik A. Knockaert (co-counsel)**
Texas Bar No. 24036921
701 N. Post Oak Rd, Suite 325
Houston, TX  77024
Phone (281) 949-8904
Fax (281) 306-0340
erik@lawdoneright.net


**Attorneys for Plaintiffs**